UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEONARD BUTLER, | No. 2:23-cv-02855-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| W. GREGORY KLEIN, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned by operation of Local Rule 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will be granted. However, in screening Plaintiff's complaint, as required by Section 1915(a)(2), the Court concludes that the complaint does not allege facts establishing federal jurisdiction. Plaintiff will be granted leave to amend the complaint.

**I.  SCREENING**

**A.     Legal Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Courts review the complaint that initiates the case to perform this screening function. They are guided by the Federal Rules of Civil Procedure, which are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the Court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The Court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1    To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
2 state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has
3 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
4 reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
5 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
6 to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v.*
7 *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
8 *Lopez v. Smith*, 203 F.3d 1122 (9th Cir.2000)) (en banc).

   **B.    The Complaint**

10   Plaintiff's complaint names seven defendants, several of which appear to be attorneys as
11 Plaintiff lists their state bar number. ECF No. 1 at 8. Plaintiff states he is seeking
12 "$15,089,853.50 payable in Specie." *Id*. Plaintiff appears to complain of a state court proceeding
13 where he was ordered to appear and where an affidavit was sealed over his objection. *Id*. He
14 complains of the actions of two state court judges (Defendants Anderson and Kellegrew) and the
15 clerk of the court (Defendant Galkin). *Id*. Plaintiff requests investigation of the state court case
16 and prosecution of all "wrongdoers." *Id*. at 9.

   **C.    Analysis**

18   The Complaint does not sufficiently plead a basis for federal jurisdiction. Plaintiff states
19 the basis is diversity of citizenship, but then does not plead the citizenship of the Defendants.
20 ECF No. 1 at 8. Plaintiff pleads that he is a citizen of California, and the alleged address of each
21 Defendant is in California, thus it appears diversity of citizenship is lacking. *See Caterpillar Inc.*
22 *v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of
23 citizenship" where "the citizenship of each plaintiff is diverse from the citizenship of each
24 defendant.").

25   The complaint thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it
26 does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or
27 a short and plaint statement showing Plaintiff's entitlement to relief. The exact nature of what
28 happened to Plaintiff is unclear from the complaint, other than he complains of a proceeding in

1  state court and the sealing of an affidavit.  Plaintiff names seven Defendants, but only appears to
2  make allegations against three—the two judges and clerk of court.  The Court cannot tell from
3  examining the complaint what legal wrong was done to Plaintiff, by whom and when, or how any
4  alleged harm is connected to the relief Plaintiff seeks.
5       Accordingly, the complaint does not establish this Court's jurisdiction, does not comply
6  with Rule 8, and fails to state a claim on which relief may be granted.  Rather than recommending
7  dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the
8  complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of
9  action.

## II. AMENDING THE COMPLAINT

11       If Plaintiff chooses to amend the complaint, the amended complaint must allege facts
12  establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain
13  statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially
14  numbered paragraphs, with each paragraph number being one greater than the one before, each
15  paragraph having its own number, and no paragraph number being repeated anywhere in the
16  complaint.  Each paragraph should be limited "to a single set of circumstances" where
17  possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their
18  complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm.
19  4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.
20       The amended complaint must not force the Court and the defendants to guess at what is
21  being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)
22  (affirming dismissal of a complaint where the district court was "literally guessing as to what
23  facts support the legal claims being asserted against certain defendants").  The amended
24  complaint must not require the Court to spend its time "preparing the 'short and plain statement'
25  which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not
26  require the court and defendants to prepare lengthy outlines "to determine who is being sued for
27  what." Id. at 1179.
28  ////

4

Also, the amended complaint must not refer to a prior pleading in order to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

As Plaintiff has named as defendants some state defendants, he may have intended to pursue an action under 42 U.S.C. § 1983. A claim under § 1983 requires a plaintiff to allege that defendants acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). If Plaintiff intends to pursue a claim under §1983 against state judges for their conduct in a state court proceeding, Plaintiff should bear in mind that: "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts… . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Further, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021).

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8. If Plaintiff fails to timely

5

1 | comply with this order, the undersigned may recommend that this action be dismissed.
2 | 3. Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice
3 | of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil
4 | Procedure.
5 | SO ORDERED.
6 | DATED: August 28, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE