UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEONARD BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>W. GREGORY KLEIN, et al.,<br><br>Defendants. | No. 2:23-cv-2855-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff James Leonard Butler is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On December 7, 2023, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. On August 28, 2024, this Court screened the complaint per the screening process required by the IFP statute and dismissed the complaint for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim. ECF No. 4. The Court's order allowed Plaintiff 30 days to file an amended complaint that cured the deficiencies and noted the amended complaint "must include a sufficient jurisdictional statement and comply with Rule 8." ECF No. 4 at 5. The Order warned that noncompliance may result in a recommendation of dismissal. *Id.* at 5-6. Plaintiff did not file an amended complaint.

On October 15, 2024, this Court issued an Order to Show Cause directing Plaintiff to show cause, in writing, within 14 days why the failure to file an amended complaint should not

result in a recommendation that this case be dismissed for failure to prosecute.  ECF No. 5.  The Order warned that if Plaintiff failed to respond the Court would recommend dismissal pursuant to Federal Rule of Civil Procedure 41 and Local Rule 110.  More than 14 days have passed, and Plaintiff has not filed a response.

In recommending this action be dismissed for failure to prosecute, the Court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  "The public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District.  The third factor is neutral given that Defendants have not yet appeared, but "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  The fourth factor weighs against dismissal.  The Court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate, particularly given that Plaintiff has not responded to the Order to Show Cause issued over six weeks ago.  Therefore, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order.  *See* Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

////

////

////

objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE